IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
:
LIFEPORT SCIENCES LLC,                   :
:
Plaintiff,                       :
:
v.                               :     C.A. No._____
:
ENDOLOGIX, INC.,                         :     Jury Trial Demanded
:
Defendant.                       :
_____:

## COMPLAINT

1.  Plaintiff LifePort Sciences LLC ("LifePort" or "Plaintiff"), for its Complaint against Defendant Endologix, Inc., ("Endologix" or "Defendant") hereby alleges as follows:

## PARTIES

2.  Plaintiff LifePort is a Texas Limited Liability Company with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, TX 75034.

3.  Defendant Endologix, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 11 Studebaker, Irvine, California 92618.  Endologix is in the business of developing, manufacturing, and selling medical devices.  Such devices include, but are not limited to, endovascular stents, grafts, and delivery systems.

## NATURE OF THE ACTION

4.  This is a civil action for the infringement of United States Patent No. 5,489,295 (the "'295 Patent") (attached as Exhibit A) entitled "Endovascular Graft Having Bifurcation and Apparatus and Method for Deploying the Same," United States Patent No.

6,117,167 (the "'167 Patent") (attached as Exhibit B) entitled "Endoluminal Prosthesis and System for Joining," United States Patent No. 6,302,906 (the "'906 Patent") (attached as Exhibit C) entitled "System for Delivering a Prosthesis," United States Patent No. 5,993,481 (the "'481 Patent") (attached as Exhibit D) entitled "Modular Bifurcated Intraluminal Grafts and Methods for Delivering and Assembling Same," and United States Patent No. 5,676,696 (the "'696 Patent") (attached as Exhibit E) entitled " Modular Bifurcated Intraluminal Grafts and Methods for Delivering and Assembling Same," (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

5. Plaintiff LifePort is the lawful assignee of all right, title and interest in and to the Patents-in-Suit.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.*

7. Defendant is subject to personal jurisdiction in the State of Delaware because it is incorporated in this judicial district.   In addition, the Defendant has committed acts of infringement of one or more of the claims of the Patents-in-Suit in this judicial district.

8. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), because the Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

**COUNT I**

**(Endologix's Infringement of the '295 Patent)**

9. Paragraphs 1 through 8 are incorporated by reference as if fully restated herein.

10. Plaintiff LifePort is the assignee and lawful owner of all right, title and interest in and to the '295 Patent.

11. Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '295 Patent. Such devices are medical devices, including but not limited to endovascular grafts and delivery systems, such as, but not limited to the Endologix AFX Endovascular AAA System, the Endologix Intiu*Trak*® Endovascular AAA System, various accessories for Endologix's endovascular graft products, and other similar devices.

12. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '295 Patent by making, using, offering for sale, importing, and selling infringing medical devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing medical devices, all with knowledge of the '295 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing medical devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing medical devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

13. Defendant has also contributed to the infringement by others, including the end users of infringing medical devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing medical devices into the United States, knowing that those products constitute a material part of the inventions of the '295

Patent, knowing those products to be especially made or adapted to infringe the '295 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

14. Defendant has had knowledge of and notice of the '295 Patent and its infringement since at least, and through, the filing and service of the Complaint. Moreover, by way of prosecution of patent applications assigned to Endologix, Endologix had notice of the '295 Patent prior to the filing of the Complaint. Despite this knowledge and notice, Endologix continues to commit tortious conduct by way of patent infringement. Accordingly, Endologix has willfully infringed the '295 Patent.

15. Defendant has been and continues to be infringing one or more of the claims of the '295 Patent through the aforesaid acts.

16. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including enhanced damages for Endologix's willful infringement.

## COUNT II

### (Endologix's Infringement of the '167 Patent)

17. Paragraphs 1 through 16 are incorporated by reference as if fully restated herein.

18. Plaintiff LifePort is the assignee and lawful owner of all right, title and interest in and to the '167 Patent.

19. Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '167 Patent. Such devices are medical devices, including but not limited to

endovascular grafts and delivery systems, such as, but not limited to the Endologix AFX Endovascular AAA System, the Endologix Intiu*Trak*® Endovascular AAA System, various accessories for Endologix's endovascular graft products, and other similar devices.

20. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '167 Patent by making, using, offering for sale, importing, and selling infringing medical devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing medical devices, all with knowledge of the '167 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing medical devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing medical devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

21. Defendant has also contributed to the infringement by others, including the end users of infringing medical devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing medical devices into the United States, knowing that those products constitute a material part of the inventions of the '167 Patent, knowing those products to be especially made or adapted to infringe the '167 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

22. Defendant has had knowledge of and notice of the '167 Patent and its infringement since at least, and through, the filing and service of the Complaint. Moreover, by way of prosecution of patent applications assigned to Endologix, Endologix had notice of the '167 Patent prior to the filing of the Complaint. Despite this knowledge and notice, Endologix continues to commit tortious conduct by way of patent infringement.

Accordingly, Endologix has willfully infringed the '167 Patent.

23. Defendant has been and continues to be infringing one or more of the claims of the '167 Patent through the aforesaid acts.

24. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including enhanced damages for Endologix's willful infringement.

## COUNT III

**(Endologix's Infringement of the '906 Patent)**

25. Paragraphs 1 through 24 are incorporated by reference as if fully restated herein.

26. Plaintiff LifePort is the assignee and lawful owner of all right, title and interest in and to the '906 Patent.

27. Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '906 Patent.   Such devices are medical devices, including but not limited to endovascular grafts and delivery systems, such as, but not limited to the Endologix AFX Endovascular AAA System, the Endologix Intiu*Trak*® Endovascular AAA System, various accessories for Endologix's endovascular graft products, and other similar devices.

28. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '906 Patent by making, using, offering for sale, importing, and selling infringing medical devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing medical devices, all with knowledge of the '906 Patent and its claims; with knowledge that its

customers and end users will use, market, sell, offer to sell, and import infringing medical devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing medical devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

29.     Defendant has also contributed to the infringement by others, including the end users of infringing medical devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing medical devices into the United States, knowing that those products constitute a material part of the inventions of the '906 Patent, knowing those products to be especially made or adapted to infringe the '906 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

30.     Defendant has had knowledge of and notice of the '906 Patent and its infringement since at least, and through, the filing and service of the Complaint.    Despite this knowledge and notice, Endologix continues to commit tortious conduct by way of patent infringement.

31.     Defendant has been and continues to be infringing one or more of the claims of the '906 Patent through the aforesaid acts.

32.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV
### (Endologix's Infringement of the '481 Patent)

33.     Paragraphs 1 through 32 are incorporated by reference as if fully restated herein.

34.     Plaintiff LifePort is the assignee and lawful owner of all right, title and interest

in and to the '481 Patent.

35. Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '481 Patent. Such devices are medical devices, including but not limited to endovascular grafts and delivery systems, such as, but not limited to the Endologix AFX Endovascular AAA System, the Endologix Intiu*Trak*® Endovascular AAA System, various accessories for Endologix's endovascular graft products, and other similar devices.

36. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '481 Patent by making, using, offering for sale, importing, and selling infringing medical devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing medical devices, all with knowledge of the '481 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing medical devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing medical devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

37. Defendant has also contributed to the infringement by others, including the end users of infringing medical devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing medical devices into the United States, knowing that those products constitute a material part of the inventions of the '481 Patent, knowing those products to be especially made or adapted to infringe the '481 Patent,

and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

38. Defendant has had knowledge of and notice of the '481 Patent and its infringement since at least, and through, the filing and service of the Complaint. Despite this knowledge and notice, Endologix continues to commit tortious conduct by way of patent infringement.

39. Defendant has been and continues to be infringing one or more of the claims of the '481 Patent through the aforesaid acts.

40. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT V
### (Endologix's Infringement of the '696 Patent)

41. Paragraphs 1 through 40 are incorporated by reference as if fully restated herein.

42. Plaintiff LifePort is the assignee and lawful owner of all right, title and interest in and to the '696 Patent.

43. Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '696 Patent. Such devices are medical devices, including but not limited to endovascular grafts and delivery systems, such as, but not limited to the Endologix AFX Endovascular AAA System, the Endologix Intiu*Trak*® Endovascular AAA System, various accessories for Endologix's endovascular graft products, and other similar devices.

44. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '696 Patent by making, using, offering for sale, importing, and selling infringing medical devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing medical devices, all with knowledge of the '696 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing medical devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing medical devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

45. Defendant has also contributed to the infringement by others, including the end users of infringing medical devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing medical devices into the United States, knowing that those products constitute a material part of the inventions of the '696 Patent, knowing those products to be especially made or adapted to infringe the '696 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

46. Defendant has had knowledge of and notice of the '696 Patent and its infringement since at least, and through, the filing and service of the Complaint.  Moreover, by way of prosecution of patent applications assigned to Endologix, Endologix had notice of the '696 Patent prior to the filing of the Complaint.  Despite this knowledge and notice, Endologix continues to commit tortious conduct by way of patent infringement.  Accordingly, Endologix has willfully infringed the '696 Patent.

47. Defendant has been and continues to be infringing one or more of the claims of the '696 Patent through the aforesaid acts.

48. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including enhanced damages for Endologix's willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, LifePort, respectfully requests the following relief:

a) A judgment that U.S. Patent Nos. United States Patent Nos. 5,489,295; 6,117,167; 6,302,906; 5,993,481; and 5,676,696 are valid and enforceable.

b) A judgment that Endologix, Inc., has infringed the '295 Patent;

c) A judgment that Endologix, Inc., has infringed the '167 Patent;

d) A judgment that Endologix, Inc., has infringed the '906 Patent;

e) A judgment that Endologix, Inc., has infringed the '481 Patent;

f) A judgment that Endologix, Inc., has infringed the '696 Patent;

g) A judgment that LifePort be awarded all appropriate damages (including enhanced damages for willful infringement) under 35 U.S.C. § 284 for the Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre and post judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate LifePort for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that LifePort be awarded its reasonable attorneys' fees against Endologix that it incurs in prosecuting this action

   ii. that LifePort be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that LifePort be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

1. LifePort hereby demands trial by jury on all claims and issues so triable.

DATED: December 28, 2012

Respectfully submitted,

FARNAN LLP

 /s/ Brian E. Farnan  
Joseph J. Farnan, III (Bar No. 3945)  
Brian E. Farnan (Bar No. 4089)  
919 North Market Street, 12th Floor  
Wilmington, Delaware 19801  
(302) 777-0300  
(302) 777-0301 (Fax)  
bfarnan@farnanlaw.com

OF COUNSEL:  
Martin J. Black -- LEAD ATTORNEY  
Kevin M. Flannery  
Joseph R. Heffern  
DECHERT LLP  
Cira Centre 2929 Arch Street  
Philadelphia, PA 19104  
(215) 994-4000  
martin.black@dechert.com  
kevin.flannery@dechert.com  
joseph.heffern@dechert.com

*Counsel for Plaintiff*  
*LifePort Sciences LLC*